UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:10CV194 TIA |
| ) | |
| GARY J. STOLZER and ) | |
| CHRIS KOSTER, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Petitioner's Motion to Grant All Relief in Petitioner's Writ of Habeas Corpus. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On February 1, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 as a pretrial detainee, "awaiting a civil trial under the Sexually Violent Predator Law." (Petition, ¶ 3). Petitioner claimed that he did not perpetrate the qualifying offense to have him civilly committed, such that probable cause did not exist to continue his confinement. (Petition, ¶ 3; Reply, Doc. #12, p. 2) However, on March 17, 2011, Petitioner filed a notice to this Court stating that the state court sentenced him to confinement through the Missouri Department of Mental Health as a sexually violent predator. Thus, his status as a pretrial detainee has changed.

A state prisoner may file a § 2254 petition where he or she is "in custody pursuant to the **judgment** of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "If a petitioner is not in custody pursuant to a final state court judgment, however, a § 2254 is not the proper vehicle

by which to seek habeas relief." Opsahl v. Minnesota, No. 09-1181 (JRT/RLE), 2010 WL 3515680, at *2 (D. Minn. Aug. 31, 2010) (citation omitted). Instead, "[p]retrial habeas petitions 'are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" Id. (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).[1]

Here, Petitioner properly filed his petition as a pretrial detainee under § 2241. However, his confinement is now pursuant to the trial court's order of civil commitment after a jury verdict and not as a detainee awaiting trial. State v. Nelson, No. 93P020400213 (39th Judicial Circuit (Barry County) May 10, 2011), http://www.courts.mo.gov/casenet/. Thus, the petition is moot. See, e.g., Jenkins v. Mississippi, Civil Action No. 1:09cv806HSO-JMR, 2010 WL 3890815, at *2 (S.D. Miss. Sept. 29, 2010) (dismissing as moot habeas petition where petitioner was convicted and was no longer in pretrial detention); Campbell v. Anderson, Civil Action No. 4:10-CV-468-Y, 2010 WL 4024872, at *1 (rendering moot the petition challenging the lawfulness of the pretrial detention where the petitioner was no longer a pretrial detainee after being convicted of the charged offense).

Further, to the extent that Petitioner argues that he filed the Petition under § 2254, the undersigned notes that Petitioner has not exhausted his state court remedies with respect to his civil commitment. Petitioner has not filed an appeal or pursued any other state court remedies. See Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010) (citations omitted) (finding that federal courts may

---

[1] The undersigned notes that the Respondent vehemently argued that the Petition was not properly before the Court under § 2241. However, case law in this district holds otherwise. See Fogle v. Blake, No. 4:06CV00900 RWS (AGF), 2006 WL 3469613, at *1 (E.D. Mo. Nov. 29, 2006) (habeas petition filed by a pretrial detainee incarcerated after a determination of probable cause to believe he was a sexually violent predator and awaiting civil commitment trial was properly brought under § 2241).

grant a habeas petition only where a petitioner has exhausted state court remedies by invoking one complete round of that State's established appellate review process before seeking federal habeas relief). However, Petitioner is free to file a habeas petition challenging his civil commitment once he exhausts his remedies in state court. See Jones v. Blake, No. 4:06 CV 402 ERW DDN, 2008 WL 4820788, at *2 (E.D. Mo. Nov. 5, 2008) (finding that federal habeas courts may review habeas petitions challenging a state court order of civil commitment); Fogle v. Blake, No. 4:06CV00900 RWS (AGF), 2006 WL 3469613, at *3 (E.D. Mo. Nov. 29, 2006) (finding that petitioner could re-file a timely habeas action after SVPA commitment proceedings, including appeal).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus filed by Timothy Nelson is **DISMISSED** as **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Grant All Relief [Doc. #20] is **DENIED**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 12th day of May, 2011.

    /s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE